OPINION
In this case, the State appeals a trial court decision sustaining the Defendant's motion to suppress. As support for the appeal, the State presents the following assignments of error under R.C. 2967.45(A) and Crim. R. 12(J):
 I. The Defendant may not challenge the sufficiency of a warrant permitting a search warrant of her home while simultaneously claiming the State had failed to establish her connection to the premises.
 II. Should this court permit her to do so, the State would assert that the issuing judge had a substantial basis of evidence to support the granting of the search warrant.
 III. Alternatively, the evidence should not be suppressed based on the good faith exception to the exclusionary rule.
After considering the record and applicable law, we find that the trial court erred in suppressing the evidence taken from the premises. As a result, the trial court's decision will be reversed and this case will be remanded for further proceedings.
 I
In February, 2000, Detective Brad Williams heard from a confidential source that Steven Stocks was selling large amounts of marijuana from Stocks' home at 205 East Worley Avenue, in Trotwood, Ohio. Some months later, on May 25, 2000, Williams and another detective arranged a successful controlled drug buy at the Worley Avenue address. Williams then obtained a search warrant for the premises at 205 East Worley and for the persons of Steven and Melissa Stokes. Melissa was Steven's wife and also lived at the Worley Avenue address.
The search warrant was signed on May 26, 2000, at about 9:30 a.m. Around 11:00 a.m. the same day, Williams and several other officers went to the Worley Avenue address. When the police arrived, Melissa and Steven Stocks were outside the house. Both Steven and Melissa were immediately handcuffed. The police then searched the house and seized various items, including several bags and boxes of marijuana, some guns and rifles, money, jewelry, miscellaneous papers, four cell phones, and a pager.
Subsequently, Melissa and Steven were indicted for possession of marijuana in an amount equal to or exceeding 20,000 grams. The charge included a one year firearm specification. Originally, the Stocks were both represented by the same attorney. This attorney filed a motion to suppress the evidence seized at the house and any statements the Stocks had made. However, on the day of the suppression hearing, new counsel represented Melissa, due to the potential for conflict. At that time, Melissa's new attorney joined in the previously-filed suppression motion.
Detective Williams was the only witness to testify at the hearing. Williams related the facts mentioned above. Additionally, Williams said that when he obtained the search warrant, he did not give the judge any information, nor did he have any information that Melissa was involved in selling any drugs. The affidavit used to obtain the search warrant also contained no facts about Melissa Stokes' alleged involvement in criminal activity.
At the end of the hearing, Melissa's attorney asked the judge for permission to supplement the motion to suppress. Specifically, the attorney wanted to contest the affidavit's failure to allege any criminal contact with Melissa. The court granted the request, and the State did not object. Melissa then filed a supplemental motion to suppress, raising this issue. However, the State did not respond.
On November 28, 2000, the trial court sustained Melissa's motion to suppress, finding a lack of probable cause that Melissa was involved in drug trafficking or possession. The court also sustained Steven Stokes' motion to suppress, in part. While the court found that the affidavit met the requirements for a search of the premises, the court felt that the breadth of the search was excessive. Accordingly, the court held that the police had unlawfully seized jewelry, rifles, cell phones, a pager, tax forms, and other unidentified paperwork. This appeal then followed. However, the State assigns error only to the part of the decision suppressing all evidence as to Melissa.
The State's first assignment of error concerns standing. In this regard, the State argues that Melissa cannot logically disavow a connection with the premises, yet simultaneously assert an expectation of privacy that is protected under the Fourth Amendment. Contrary to the State's claim, however, Melissa does not claim a lack of connection to the premises. Instead, Melissa's claim is that the search warrant was defective because the affidavit lacked facts linking her with criminal activity.
We have previously said that even if individuals lack standing to challenge a warrant based on residence, they may still have standing if they are named in the warrant. State v. Sims (1998), 127 Ohio App.3d 603,613. Therefore, because Melissa was named in the warrant, she has standing, without more, to challenge its validity. However, Melissa was also a resident of the premises and certainly had standing to challenge the search of her own home. Accordingly, the State's first assignment of error is without merit.
 II
The State next argues that the trial court erred when it found the warrant invalid as to Melissa. In support of this claim, the State makes two points. First, the State says the affidavit was not defective because it properly named a place to be searched. According to the State, the correct nexus is between the property and the affidavit, not the person named in the affidavit. Since there was probable cause to search the premises, the State believes the evidence should not have been suppressed.
The State's second point is that even if a connection must be established, the affidavit was sufficient for that purpose. In this regard, the State admits that the affidavit did not explicitly mention Melissa Stocks by name. However, the State relies on the fact that the affidavit incorporates the people named in the search warrant. Specifically, the affidavit says that "the said items of property are concealed on the persons(s) described or place(s) described in Paragraph `III' of the Search Warrant in this matter." The "persons and places" listed in paragraph III of the search warrant are Steven Stocks, Melissa Stocks, and/or 205 East Worley Avenue.
We think the focus on the presence or absence of Melissa's name is misplaced. An affidavit and search warrant should properly describe individuals or places to be searched, to avoid mistakes in identity or location. However, identity is not the issue in this case. Instead, the issue is whether probable cause existed.
In State v. George (1989), 45 Ohio St.3d 325, the Ohio Supreme Court said that:
 [i]n determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."
Id. at paragraph one of the syllabus, following Illinois v. Gates (1983), 462 U.S. 213, 238-239, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527. According to the Ohio Supreme Court, probable cause in this context does not mean sufficient evidence to justify condemnation. Instead, it requires "`"only the probability, and not a prima facie showing, of criminal activity."'" 45 Ohio St.3d at 329 (citations omitted).
The trial court found, and we agree, that the issuing judge had a substantial basis for finding probable cause for the warrant on the premises at 205 East Worley. See George, at paragraph two of the syllabus (outlining proper review role for trial and appellate courts). In its decision, the trial court also commented that "the affidavit is wholly void of any facts, expressed or implied, that could give rise to a finding of probable cause that Melissa Stocks was involved in drug trafficking or possession." We also agree with the trial court on this particular point.
While Melissa's name was included in the search warrant, and by reference in the affidavit, the affidavit contains no facts connecting Melissa to the alleged activity. To the contrary, the affidavit says only that Steven Stocks was selling large quantities of marijuana from his residence. Moreover, the only information given about the controlled buy is that the confidential source bought marijuana from inside 205 East Worley. Based on these facts, the trial court found the affidavit adequate to satisfy the probable cause requirement for Steven Stocks and the premises, but completely inadequate as to Melissa Stocks. Again, we agree with these conclusions.
Where the trial court erred, however, was in finding the premises search invalid simply because of the defect in the affidavit as to Melissa. Due to the defective affidavit, a search of Melissa's person was not properly authorized. Thus, if the police searched Melissa and found contraband, that evidence would have been properly suppressed. However, that is not what happened. Instead, the evidence was found on the premises, i.e. in a place for which the warrant was proper. Since that search was authorized, the evidence should not have been suppressed. Whether the State can sufficiently connect Melissa to evidence of criminal activity for purposes of conviction is a matter the fact-finder should resolve at trial; it is not something to be settled in a suppression decision.
Based on the preceding discussion, the second assignment of error has merit and is sustained. Because this point disposes of the appeal, we need not consider whether the "good faith" exception to the exclusionary rule applies.
In light of the above analysis, the first assignment of error is overruled, the second assignment of error has merit and is sustained, and the third assignment of error is moot. Accordingly, the decision of the trial court is reversed, and this matter is remanded for further proceedings.
 _________________ BROGAN, J.
FAIN, J., and GRADY, J., concur.